**UNITED STATES of America, Appellee,**

v.

**Howard J. FIELDS, Appellant.**

**No. 23691.**

United States Court of Appeals Ninth Circuit.

May 7, 1969.

Rehearing Denied May 29, 1969.

---

Morris Lavine (argued), Los Angeles, Cal., for appellant.

Paul G. Sloan (argued), Asst. U. S. Atty., Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLEY, MERRILL and BROWNING, Circuit Judges.

PER CURIAM:

Howard J. Fields appeals from his conviction, after a non-jury trial, on three counts of an information charging him with manufacturing, compounding and processing a quantity of methamphetamine, a "depressant or stimulant drug," and operating an establishment for the manufacture of such drug without registration, all in violation of 21 U.S.C. §§ 331(q) (1) and 360a.

While the information failed to specify, and the evidence failed to show, that the drug was possessed or used in or affected interstate commerce, this did not render the information legally deficient nor the evidence legally insufficient. Possession or use in or affecting interstate commerce is not an element of the offense as defined in the statutes. Nor is the statute unconstitutional because possession or use in interstate commerce, or affecting interstate commerce, is not made an essential element of the offense. Deyo v. United States, 9 Cir., 396 F.2d 595.

The search warrant was sufficiently complete to authorize the search of defendant's cabin and the seizure of a quantity of the methamphetamine. The affidavit upon the basis of which the warrant was obtained was factually adequate.

Some of the information upon which the affidavit was based may have been obtained by federal agents while

they were trespassing upon some of defendant's property where the cabin is located. The cabin is located approximately two hundred yards north of San Jose Road, on Morrell Road, in the Santa Cruz Mountains, California. However, it does not appear that the agents approached closer than one hundred feet or so to the cabin while gathering such information. In our opinion the record does not establish that the agents trespassed upon the curtilage, or protected area, adjacent to the cabin. The applicable principle is discussed in Wattenburg v. United States, 9 Cir., 388 F.2d 853.

Affirmed.